In the Matter of Irving Steinberg, Petitioner, against William
D. Meisser et al., as Commissioners of Election of the County
of Nassau, Respondents, and Albert L. Arditti, Intervener.

Supreme Court, Nassau County, October 13, 1943.

*Maurice J. Fleischman* for petitioner.

*Marcus G. Christ, County Attorney (G. Burchard Smith* of
counsel), for respondents.

*David Cohen* for intervener.

*Paul L. Bleakley, Corporation Counsel,* for City of Yonkers,
*amicus curiæ.*

C. A. Johnson, J. This is a proceeding under article 78 of the
Civil Practice Act to restrain the Board of Elections of the
County of Nassau from causing the submission, at the 1943
general election, of amendments to the Charter of the City of
Long Beach (L. 1922, ch. 635, as amd.).

Pursuant to section 19-a of the City Home Rule Law, a peti-
tion has been filed for the submission to the electors of the City
of Long Beach of amendments to the Charter of such City.
The primary effect of the proposed amendments is to substitute
a council elected by proportional representation for a council

elected in the traditional fashion, and also to substitute a city manager for a mayor. Other less drastic changes are included.

The petitioner, an elector and citizen of the city of Long Beach, seeks to prevent the submission of the question, asserting that the changes proposed are so far-reaching as to constitute the proposal one for a new charter; reliance is placed upon *Matter of Maylender* v. *Morrison* (284 N. Y. 575), involving proposed amendments to the Charter of the City of Johnstown.

The changes proposed herein are far less sweeping than those involved in the last-named case. In that case, the so-called amendments specifically repealed the old Charter.

Changes of the nature here contemplated have been held, at least impliedly, to be within the purview of section 19-a of the City Home Rule Law (*Matter of Hood* v. *Eilert*, 275 N. Y. 579, *Johnson* v. *Etkin*, 279 N. Y. 1).

A review of the authorities submitted leads me to the conclusion that the amendments sought herein do not constitute a new charter but are amendments properly contemplated under section 19-a of the City Home Rule Law.

The petition is accordingly dismissed.